UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRYAN BRIGGS,

          Plaintiff,

    v.

MIDLAND BANK,

          Defendant.

Case No.  25-cv-04620-RFL

**ORDER REQUESTING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Before the Court is Plaintiff Bryan Briggs's motion to withdraw reference of his adversary proceeding against Defendant Midland Bank, which is presently in the bankruptcy court.  (Dkt. No. 1.)  In the adversary case, Midland Bank moved to dismiss Briggs's complaint, and the bankruptcy court granted the motion without leave to amend.  (*Briggs v. Midland Bank*, No. 25-04016, Dkt. Nos. 16, 52.)  Bankruptcy courts possess authority to hear both "core-proceedings," which include proceedings enumerated in 28 U.S.C. § 157(b)(2) and proceedings that depend on the Bankruptcy Code for their existence, and "non-core proceedings," which encompass proceedings that "do not depend on the Bankruptcy Code for their existence and . . . could proceed in another court."  *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004).  Under 28 U.S.C. § 157(c)(1), a bankruptcy court does not have jurisdiction to enter a final judgment or order in non-core proceedings and must instead "submit proposed findings of fact and conclusions of law to the district court for *de novo* review."  *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

Briggs's adversary case is a non-core proceeding.  The complaint seeks to declare the promissory note and deed of trust which Midland Bank has standing to enforce void for violation of various federal constitutional and statutory provisions.  (*Briggs*, No. 25-40601, Dkt. No. 1 at

1

8–9.)[1]  Briggs's claims do not depend on the Bankruptcy Code for their existence and could have been brought in another court.  The adversary case is thus a non-core proceeding, and the bankruptcy court cannot enter a final order or judgment.  *See Sec. Farms*, 124 F.3d at 1008. Accordingly, the Court requests that the bankruptcy court prepare proposed findings of fact and conclusions of law regarding Midland Bank's motion to dismiss and submit those findings and conclusions to the Court for *de novo* review.  *In re Heller Ehrman LLP*, 464 B.R. 348, 350 (N.D. Cal. 2011).

     **IT IS SO ORDERED.**

Dated: February 3, 2026

RITA F. LIN
United States District Judge

---

[1] All references to page numbers in documents on the docket refer to ECF pagination.

2