UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BRYAN BRIGGS,<br><br>      Plaintiff,<br><br>      v.<br><br>MIDLAND BANK,<br><br>      Defendant. | Case No.  25-cv-04620-RFL<br><br>**ORDER ADOPTING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, DISMISSING ADVERSARY CASE, AND DENYING MOTIONS TO WITHDRAW REFERENCE AND EMERGENCY PETITION**<br><br>Re: Dkt. Nos. 9, 10, 13 |

In a February 3, 2026 Order, the Court requested that the bankruptcy court prepare proposed findings of fact and conclusions of law regarding Defendant Midland Bank's[1] motion to dismiss Plaintiff Bryan Briggs's adversary proceeding in the bankruptcy court, concluding that Briggs's adversary case was a non-core proceeding and therefore that the bankruptcy court could not enter a final order or judgment. (Dkt. No. 9.) Following the Court's request, Briggs filed a second motion to withdraw reference (Dkt. No. 10) and a document titled "Emergency Objections to Order Requesting Proposed Findings of Fact and Conclusions of Law" (Dkt. No. 11). On February 19, 2026, the bankruptcy court served its proposed conclusions of law on Briggs and transmitted them to the Court. (Dkt. No. 12.) Briggs then filed an "Emergency Petition for Default Judgment." (Dkt. No. 13.)[2]

As an initial matter, Briggs's objections do not suggest that the Court's February 3 Order was improper. (*See* Dkt. No. 11.) Contrary to Briggs's assertion, the proposed findings did not purport to adjudicate Briggs's withdrawal motion or any jurisdictional challenges. Accordingly,

---

[1] Though Briggs's adversary complaint identifies Midland Bank as the defendant, MidFirst Bank is the holder of the note and deed of trust at issue in Plaintiff Bryan Briggs's adversary case.

[2] Under Bankruptcy Rule 9033(b), Briggs had 14 days to file and serve objections after being served with the Bankruptcy Court's proposed conclusions. Briggs did not submit a filing explicitly labeled as an opposition to the proposed conclusions but instead filed the emergency petition for default judgment. The Court construes the emergency petition as an opposition to the Bankruptcy Court's proposed conclusions.

1

the Court's request for proposed findings did not amount to, as Briggs suggests, a delegation of the adjudication of Article III jurisdictional challenges.  (*See id*. at 1.)  Indeed, the Court's Order was consistent with the very Supreme Court precedents that Briggs cites (*see id*. at 3), indicating that while the bankruptcy court had jurisdiction to submit proposed findings of fact and conclusions of law, it did not have jurisdiction to render final judgment and issue binding orders. (Dkt. No. 9 at 1.)

The Court has reviewed *de novo* Bankruptcy Judge Charles Novack's proposed conclusions of law granting Defendant's motion to dismiss and dismissing Briggs's claims with prejudice.  (Dkt. No. 12.)  The Court has also reviewed Briggs's emergency petition, motions to withdraw reference, and emergency objections.  The Court finds the bankruptcy court's proposed conclusions of law correct, well-reasoned, and thorough and adopts it in every respect.  Briggs's complaint has failed to allege sufficient facts to give rise to any colorable claim for relief. Furthermore, Briggs's filings do not contest that his asserted claims for relief lack legal bases. Briggs has therefore failed to state any cognizable legal theory for holding the bank liable for the harms that he alleges in his adversary complaint.

Accordingly, Defendant's motion to dismiss the adversary case is **GRANTED**. Dismissal is with prejudice and without leave to amend because Briggs has failed to identify what amendments he would make to his complaint to plausibly state claims for relief, and it does not appear that Briggs can cure the defects identified above with additional factual allegations. Briggs's motions to withdraw reference and Emergency Petition for Default Judgment are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: May 4, 2026

RITA F. LIN
United States District Judge